**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

CASE NO. 2:12-cv-14623

HON. PATRICK J. DUGGAN
vs.              MAG. JUDGE DAVID R. GRAND

OLIVIA MADLOCK,

      Defendant.
_____/

**CONSENT JUDGMENT**

  This matter having come before the Court upon the United States' complaint and the parties have reached an agreement and the Court being duly advised in the premises, now therefore

  The Court finds:

    That Defendant is indebted to the United States for unpaid restitution in the amount of **$19,858.00**;

    That Defendant is currently without assets sufficient to pay the judgment in full; and

    That it is in the best interests of the parties to enter into an installment agreement; now therefore,

**IT IS HEREBY ORDERED that:**

1) Judgment shall enter against Olivia Madlock in the amount of **$19,858.00**, provided that all Installment payments of $150.00 deducted from her monthly social security allotment since August, 2011 shall be credited to the total amount owed by the defendant;

2) Defendant agrees to pay the sum specified in paragraph 1**,** in equal monthly installments of no less than $150.00, continuing each month until the entire obligation has been paid in full. This agreement shall remain in force and effect until such time as the judgment is paid in full;

3) All payments not made by automatic deduction by the Social Security Administration shall be made by check or money order and shall be made payable to the Social Security Administration with the notation XXX-XX-8390 BICA.

Payments shall be mailed to:

> United States Attorney's Office
> 211 W. Fort Street -- Suite 2001
> Attn: Financial Litigation Unit
> Detroit, Michigan 48226

After recording that payment has been received in accordance with this agreement, the U.S. Attorney's Office will forward payments to the *Social Security Administration, Debt Management Section, ATTN: DOJ Refund, P.O. Box 2861, Philadelphia, PA  19122.*

4) Defendant consents to being placed in the Treasury Offset Program;

5) Defendant shall submit complete annual financial information pursuant to the request of the United States;

6) Defendant shall maintain books and records sufficient to verify all financial information submitted to the United States;

7) All payments due hereunder are to be forwarded to the United States in such a manner as to be received by the United States on or before the due date of such payment;

8) The payment terms established hereunder are subject to modification upon material changes in Defendant's financial condition;

9) In the event that the United States does not receive any payment by close of business on the due date of the payment, or does not receive the financial information required by this agreement, the United States may take any action deemed necessary to collect the then outstanding balance due from Defendant;

10) In the event the United States does not receive any payment by the close of business on the due date of the payment, then in addition to the remedies provided in paragraph 10, interest at the standard federal judgment rate then in effect shall begin to accrue on the outstanding balance due on the debt;

11) In the event that Defendant's place of employment changes or Defendant's residence changes, then Defendant shall notify the United States of such change within five days of the change of employment or change of residence;

12)   As long as Defendant is in compliance with all the terms of this agreement, the United States shall not garnish Defendant's wages or bank accounts.



  s/Patrick J. Duggan
  Patrick J. Duggan
  United States District Judge

Dated: October 22, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on Monday, October 22, 2012, by electronic and or ordinary mail.

  s/Marilyn Orem
  Case Manager

## STIPULATION

The undersigned parties hereby stipulate to the entry of the above-stated order.


BARBARA L. McQUADE
United States Attorney


 s/Jacqueline M. Hotz                       Olivia Madlock *(w/consent)*
JACQUELINE M. HOTZ (P35219)                 OLIVIA MADLOCK
Assistant U.S. Attorney                     Defendant
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
Jackie.hotz@usdoj.gov
(313) 226-9108

12) As long as Defendant is in compliance with all the terms of this agreement, the United States shall not garnish Defendant's wages or bank accounts.

_____

United States District Judge

## STIPULATION

The undersigned parties hereby stipulate to the entry of the above-stated order.

BARBARA L. McQUADE
United States Attorney

_____      *Olivia J. Madlock* 9-20-2011
JACQUELINE M. HOTZ (P35219)     OLIVIA MADLOCK
Assistant U.S. Attorney                         Defendant
211 W. Fort St., Suite 2001
Detroit, MI 48226
jackie.hotz@usdoj.gov
(313) 226-9108

3